UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| OZARK PHYSICAL THERAPY, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 1:13-CV-152 SNLJ |
| HARTFORD CASUALTY INS. CO., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file upon assignment to the undersigned. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Plaintiffs initially filed suit in the Circuit Court of Butler County, Missouri, alleging that defendant Hartford Casualty Insurance Company wrongfully declined to cover losses sustained by plaintiffs under an insurance policy between plaintiffs and Hartford. The defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

Defendant Hartford, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *See In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

Although no party has contested Diversity Jurisdiction in this case, "[i]n every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Statutes conferring diversity jurisdiction are to be strictly construed. *Sheeran v. Gustafson*, 967

F.2d 1214, 1215 (8th Cir. 1992). There must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§1332(a), (c)(1); *see Sanders*, 823 F.2d at 215 n.1. For limited liability companies and partnerships such as Ozark Physical Therapy, LLP, and Ozark Physical Medicine, LLC, the Court must examine the citizenship of each member of the limited liability company/partnership for purposes of diversity jurisdiction. *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Diversity must exist both when the state petition is filed and when the petition for removal is filed. *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)). Defendant's removal notice is procedurally defective because it does not allege sufficient facts to establish the Court's jurisdiction over this matter.

The Court will grant defendant fourteen days in which to allege facts showing the existence of the requisite diversity of citizenship of the parties. Consistent with 28 U.S.C. § 1446(a), which requires that the notice of removal contain a "short and plain statement" of the grounds for removal and be signed pursuant to Federal Rule of Civil Procedure 11, this Order requires only allegations of the requisite jurisdictional facts. Plaintiff will have the opportunity to respond. Defendant's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter.

Accordingly,

**IT IS HEREBY ORDERED** that, by April 8, 2014, defendant shall file a Response to the Court which shall allege facts establishing the state(s) of which each of the plaintiffs' members is a citizen, including the principal place of business for corporate members, both at the time of filing and the time of removal.

**IT IS FURTHER ORDERED** that the plaintiffs shall have until April 22, 2014 to file any response.

**IT IS FURTHER ORDERED** that if defendant does not timely and fully comply with this order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

Dated this __25th__ day of March, 2014

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE